UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH A. HORNE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-63 |
| | § | |
| DICKINSON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER & OPINION

Plaintiff Kenneth A. Horne worked as a grounds and utility employee for the Dickinson Independent School District (DISD) for roughly ten years until his termination in October 2006 following an accident he had while driving a district truck. Horne believes that his termination was due in large part to his learning disability, which he characterizes as "borderline mental retardation." After receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission, Horne brought this lawsuit under Title I of the Americans with Disabilities Act of 1990 (ADA), alleging that DISD harassed him, denied him reasonable accommodations, and ultimately discharged him because of his purported disability. In response, DISD filed the instant summary judgment motion, arguing that (1) Horne is not disabled under the ADA; (2) Horne's discharge was proper based on safety concerns and work performance problems;

(3) Horne received all requested accommodations; and (4) Horne's harassment claim is barred by the statute of limitations and does not rise to the level of an actionable offense.

After reviewing the parties' arguments, the applicable authorities, and the evidence in this case, the Court DENIES DISD's Motion for Summary Judgment because genuine issues of material fact exist with respect to Horne's claims.

## I.   Applicable Legal Standards

### A. Standard for Summary Judgment

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

### B. Standard for Disability Discrimination and Harassment

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) he is disabled or regarded as disabled; (2) he was qualified for the job; (3) he was subjected to an adverse employment action because of his

disability; and (4) he was replaced by or treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279–80 (5th Cir. 2000) (citation omitted). Under the applicable *McDonnell Douglas* framework, once the plaintiff makes the prima facie showing, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 280. If the employer is able to articulate such a reason, the burden then shifts back to the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination. *Id.*

Additionally, the ADA requires covered employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employers] can demonstrate that the accommodation would impose an undue hardship" to the employers. 42 U.S.C. § 12112(b)(5)(A).

Finally, a plaintiff asserting a claim for disability-based workplace harassment under the ADA must demonstrate: (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability; (4) that the harassment complained of affected a term, condition or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial

action. *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998)). A plaintiff need not prove the final element when the alleged harasser is a supervisor with immediate or higher authority over the employee. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353–54 (5th Cir. 2001).

## II. DISD's Challenges

### A. Horne's Disability

DISD devotes the majority of its motion to the argument that Horne's claims should be dismissed because he is not disabled. Under the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2009).

Horne has presented sufficient evidence to establish a genuine issue of material fact on whether he is disabled under the ADA. For instance, Horne presents the affidavit of his mother, Louise Horne, who states under oath that her son requires parental assistance to pay his bills, file for unemployment benefits, obtain health insurance and health care, complete job applications, monitor his bank account, buy groceries, and eat properly. (Docket Entry No. 34-3 at ¶¶ 19, 21–25.) Horne's mother also attests to his difficulty in understanding instructions,

limited speech and vocabulary, participation in special education classes at DISD, and that his IQ score is 72.  (*Id.* at ¶¶ 6, 12, 17, 20.)  Additionally, Horne presents deposition testimony from a former secretary in the DISD maintenance department, Jan Stutts, who states that she saw a document in Horne's personnel file stating that he was hired under the ADA and that she heard one of Horne's former supervisors make a comment to the same effect.  (Docket Entry No. 22-7 at 79:3–80:22.)

### B. Pretext for Horne's Discharge

DISD also contends that, even if Horne were to establish a prima facie case, he would not be able to establish that DISD's decision to terminate his employment was pretexutal in light of the evidence of his poor work performance.

While the Court agrees with DISD that Horne's work and safety issues present a legitimate, nondiscriminatory reason for his termination, the Court nevertheless concludes that a fact issue remains with respect to pretext.  Horne presents sufficient evidence for a reasonable jury to determine that DISD "gave preferential treatment to [another] employee under nearly identical circumstances." *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (citation omitted). For instance, the Court finds particularly persuasive a "Vehicle Accident/Incident Review Form" dated November 21, 2006—roughly a month after Horne's termination—documenting that a fellow grounds employee, Corpus Esparza,

backed a district vehicle into a dump trailer being pulled by another district vehicle because he "failed to observe other vehicles in the area [or] use his mirrors before proceeding to back up."  (Docket Entry No. 34-12 at 8.)  Esparza did not have a disability and was not discharged for the accident.  Horne cites a plethora of other safety violations committed by Esparza and other maintenance department employees who were under the same supervision as Horne and not terminated for their actions.  *See* Pl.'s Resp. to Def. Mot. for Summ. J. 17–23.  Horne also adequately addresses DISD's arguments that an incident involving misplaced TAKS testing materials prevents a finding of pretext.

### C. Failure to Accommodate

DISD next argues that Horne's failure-to-accommodate claim must be rejected because Horne did not adequately inform his supervisors of a need to be accommodated.  *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011) ("An employee who needs an accommodation because of a disability has the responsibility of informing her employer.") (citation omitted).

Once again, the Court disagrees.  As described in Part II.A above and as amplified by the deposition testimony of Jan Stutts and Dave Grace, a genuine issue of fact exists as to whether Horne's supervisors knew that Horne was disabled and needed accommodations.  Additionally, based on the evidence presented by Horne, it appears that DISD could have provided Horne with

reasonable accommodations without imposing an undue hardship on itself.  For instance, DISD could have ameliorated Horne's safety concerns by relieving Horne of his driving duties.  *See* 42 U.S.C. § 12111(9)(B) (stating that reasonable accommodations may include "job restructuring" and "modified work schedules").  Notably, the job description for a DISD grounds and utility employee does not include driving as a required qualification, responsibility, or duty, and, in any event, DISD had other maintenance employees available to assume the driving-related tasks.  (Docket Entry No. 34-4.)

### D. Disability Harassment

Lastly, DISD argues that Horne's disability harassment claim should be dismissed because:  (1) the claim is barred by the applicable statute of limitations; and (2) the alleged abuse was not "sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment."  *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003).

With respect to DISD's first argument, the Court finds that a fact issue remains as to whether the alleged harassment was part of a "pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period."  *Celestine*, 266 F.3d at 351–52 (quoting *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999)).  If so, the conduct would

fall within the well-established continuing violation theory, thus defeating the statute of limitations defense. *See id.*

Furthermore, the Court finds that Horne has provided sufficient evidence to survive summary judgment regarding the substance of his harassment claim. Horne presented testimony that he not only endured discrete derogatory remarks, but that the harassment affected the form and nature of his work assignments. *See* Pl.'s Resp. to Def. Mot. for Summ. J. 34–35. Because all reasonable doubts on questions of fact must be resolved in favor of the nonmoving party, the Court will consider DISD employees' references to Horne as "Forrest Gump" to be due to Gump's "naïve and slow-witted" nature (the Plaintiff's characterization), rather than to Gump's haircut (the Defendant's interpretation), All-American athletic career for the University of Alabama, ping-pong prowess, Congressional Medal of Honor, shrimping business, or cross-country running abilities. Moreover, the Court finds Jan Stutts's testimony to be material on this subject even though she retired before the statutory limitations period, because it provides evidence of a possible continuing violation for which she has personal knowledge.

### III. DISD's Motion to Strike Evidence

On July 11, 2012, DISD filed a Motion to Strike and/or Objections to Plaintiff's Summary Judgment Response Evidence (Docket Entry No. 40). Specifically, the motion objects to (1) the EEOC right-to-sue letter; (2) four

statements in Horne's mother's affidavit; (3) a letter from DISD's counsel to the EEOC; (4) the transcript of an audio recording; (5) various documents attached to excerpts from Dave Grace's deposition transcript; and (6) various deposition testimony from Jan Stutts.

The Court rejects DISD's Motion to Strike as untimely and unreasonable. Horne's summary judgment response was filed on June 5, 2012, yet DISD waited over a month to reply in the form of this Motion. The Court had already reviewed the briefing when it received DISD's Motion to Strike and does not intend to delay this matter any further by awaiting a response from Horne. The Court will allow DISD to present these arguments at or before trial, but notes that the instant summary judgment ruling is not contingent on any piece of evidence cited in DISD's Motion to Strike.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion for Summary Judgment (Docket Entry No. 22) and **DENIES** Defendant's Motion to Strike and/or Objections to Plaintiff's Summary Judgment Response Evidence (Docket Entry No. 40).

The Court **ORDERS** that by August 13, 2012, the parties shall submit exhibit lists, witness lists, proposed jury charges, and proposed voir dire questions.

The pretrial conference shall take place on August 20, 2012 at 11 a.m. Jury selection shall follow on August 20, 2012 at 2 p.m.

    SIGNED this 17th day of July, 2012.

                                        _____
                                           Gregg Costa
                                    United States District Judge